UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 11-11098 |
| MICHAEL ROY PARKER, JR.<br>*Debtor* | SECTION "__"<br>CHAPTER 11 |

JOINTLY ADMINISTERED WITH

| | |
|---|---|
| IN RE: | CASE NO. 11-11099 |
| INVISION PROPERTIES, LLC<br>*Debtor* | SECTION " _"<br>CHAPTER 11 |

**DEBTORS' EX PARTE MOTION FOR
ORDER DIRECTING JOINT ADMINISTRATION
OF CHAPTER 11 CASES PURSUANT TO RULE 1015(b) OF
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Michael Roy Parker, Jr. ("Parker") and Invision Properties, LLC ("Invision") (collectively "Debtors") respectfully move for an order directing joint administration of their Chapter 11 cases and in support represent:

**Background**

1. On April 5, 2011 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**Jurisdiction and Venue**

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is property in this

District pursuant to 28 U.S.C. §§ 1408 and 1409.

## Nature of Debtors' Business

3. Invision is an LLC wholly owned by Parker and was established primarily as a holding company for rental properties located in Orleans Parish and managed by Parker / Invision. Based on information and belief, Invision holds record title to 10 immovable properties. With the exception of a property bearing municipal address 2435 St. Bernard Ave., New Orleans, Louisiana, the properties owned by Invision are residential rental properties managed by Invision / Parker. Invision's property located at 2435 St. Bernard Ave. is leased to a third party and operated as a car wash.

4. The only real property owned by Parker is his home, which bears municipal address 2434 Aubrey Street, New Orleans, Louisiana.

5. The immovable properties owned by Invision are subject to mortgages in favor of various secured creditors, all of which are subject to guaranties executed by Parker. Certain creditors have filed foreclosure actions against both Invision and Parker.

## Relief Requested

6. By this Motion and pursuant to Rule 1015(b) of the Bankruptcy Rules, the Debtors seek entry of an order substantially in the form attached hereto as Exhibit B directing joint administration of these cases for procedural purposes only.

## Basis for Relief Requested

7. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are

"affiliates" as defined under section 101(2) of the Bankruptcy Code. See 11 U.S.C. § 101(2). Accordingly, this Court is authorized to consolidate these cases for procedural purposes.

8. In addition, Local Rule 1015-1 of the Local Rules of this Court provides as follows:

> **(a)** *Caption*. If the court orders joint administration or substantive consolidation of two or more cases, all pleadings in any of the cases must state the names and numbers of all cases, with the name and docket number of the lowest numbered case listed first, unless otherwise ordered by the court. The caption of the lowest numbered case will serve as the identifying caption during the pendency of the joint administration or consolidation and will continue to be used even if that particular case is closed.
>
> **(b)** *Consolidated Mailing Matrix*. When the court orders joint administration or consolidation, the debtor must, within seven days of the entry of the order, file a consolidated mailing matrix comprising a total mailing list of all interested parties in all the jointly administered and consolidated cases, without duplication. The mailing matrix must comply with Rule 1007-2 of these rules.

9. For the reasons outlined above, joint administration of the Debtors' respective estates is warranted and will ease the administrative burden for the Court and the parties.

10. Because joint administration of these cases will remove the need to prepare, replicate, file and serve duplicative notices, applications and orders, the Debtors and their estates will save substantial time and expense. Further, joint administration will relieve the Court of entering duplicative orders and maintaining duplicative files and dockets. The United States Trustee and other parties in interest will similarly benefit from joint administration of these chapter 11 cases by sparing them the time and effort of reviewing duplicative pleadings and papers.

11. Joint administration will not adversely affect creditors' rights because this Motion requests only the administrative consolidation of the estates. This Motion does not seek substantive consolidation. As such, each creditor may still file its claim against a particular estate.

12. Accordingly, Debtors respectfully request that the above-captioned cases be consolidated for procedural purposes only.

WHEREFORE, the Debtors pray for entry of an Order granting the relief requested herein and for such other and further relief as the Court deems just and equitable.

BY: */s/ Michael R. Parker, Jr.*
_____
MICHAEL ROY PARKER, JR.

*Individually and in his capacity as Member of Invision Properties, LLC*

LAW OFFICE OF EMILE L. TURNER, JR., L.L.C.

BY: */s/ Leo D. Congeni*
_____
EMILE L. TURNER, JR. (#12963)
LEO D. CONGENI *Of Counsel* (#25626)
424 Gravier Street
New Orleans, LA 70130
Phone: 504-586-9120

*Proposed Attorneys for Debtors Michael Roy Parker, Jr. and Invision Properties, LLC*